# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) **PATRICIA ANDERSON**, as personal representative of the **ESTATE OF ANTWAN ANDERSON,**<br><br>2) **PATRICIA ANDERSON**, individually as the sister of **ANTWAN ANDERSON**<br><br>*Plaintiff*,<br>-v.-<br><br>1) **K. WILLIAMS**, in her official and individual capacity;<br><br>2) **A. PEREZ**, in her official and individual capacity; and<br><br>3) the **CITY OF TULSA**; a municipal corporation,<br><br>*Defendants*. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>JURY TRIAL REQUESTED</u> |

# COMPLAINT

Plaintiffs, Patricia Anderson, individually as sister of Antwan Anderson and personal representative of the Estate of Antwan Anderson, by counsel Michael Keith Manning, Esq., for their claims of action against Defendants K. Williams, A. Perez, and the City of Tulsa, allege and state as follows:

### JURISDICTION & VENUE

1. Plaintiff Patricia Anderson is a resident of Oklahoma.

2. Plaintiff Patricia Anderson is the sister of Antwan Andersen.

3. Plaintiff Patricia Anderson is the duly appointed personal representative of the Estate of Antwan Anderson.

4. The events alleged herein all occurred within Tulsa County, Oklahoma.

5. Defendant, City of Tulsa, Oklahoma is a political subdivision in Tulsa County as defined by Title 51 O.S. §151, et. seq. that has a police department – an agency exercising jurisdiction within Tulsa, Oklahoma, exclusively – and is responsible for implementing policies and/or customs that are followed by police department employees.

6. At all times material hereto, Defendant K. Williams, referred to in this Complaint as "Williams" was a municipal police officer employed by the Tulsa Police Department (hereinafter "TPD"), and she acted within the scope of her employment.

7. Upon information and belief, Defendant K. Williams is a resident of the State of Oklahoma.

8. At all times material hereto, Defendant A. Perez, referred to in this Complaint as "Perez" was a municipal police officer employed by the Tulsa Police Department (hereinafter "TPD"), and she acted within the scope of her employment.

9. Upon information and belief, Defendant A. Perez is a resident of the State of Oklahoma.

10. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Fourth Amendment and Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. §1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

11. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL ALLEGATIONS

12. Paragraphs One through Eleven are adopted herein and re-stated in their entirety.

13. On June 19, 2021, Officer Williams, and Officer Perez, acting within the scope of their employment, responded to a 911 call at 4523 N. Peoria Ave., Tulsa, OK.

14. Officer Williams and Officer Perez, while acting with TPD's established training protocols, violently and aggressively arrested Antwan Anderson causing him fatal injuries from blunt force trauma.

15. Antwan Anderson died just days later.

16. As a direct and proximate result of Officer Williams' and Officer Perez's actions, Antwan Anderson suffered extreme pain and discomfort before ultimately passing away.

17. As a direct and proximate result of Officer Williams' and Officer Perez's actions, who were acting within the scope of their employment as Tulsa Police Officers, Plaintiff Patricia Anderson, on behalf of the estate, incurred damages as a result of Decedent's funeral expenses, medical costs, and other damages, for which Defendants should be liable.

18. As a direct and proximate result of Officer Williams' and Officer Perez's actions, Plaintiff Patricia Anderson lost the companionship and love of her brother and has suffered grief and anguish over the loss of her brother, for which Defendants should be liable.

## FIRST CAUSE OF ACTION – CIVIL RIGHTS
## 42 U.S.C. § 1983 – EXCESSIVE FORCE
**(Against Defendants Williams and Perez)**

19. Paragraphs One through 18 are adopted herein and re-stated in their entirety.

20. The Decedent died as a result of Defendants Williams' and Perez's actions.

21. Plaintiffs suffered and continue to suffer grief, loss, and mental anguish as a result of Defendants Williams' and Perez's actions.

22. The Decedent's death and Plaintiffs' injuries were the direct result of excessive force used by Defendants Williams and Perez that was not reasonable or justifiable under the circumstances.

23. Defendant Williams' and Perez's actions were intentional, malicious, or done with reckless disregard of the Plaintiff's rights.

24. Defendants Williams and Perez are subject to liability for punitive damages and the Plaintiffs seek such damages from them.

## SECOND CAUSE OF ACTION – CIVIL RIGHTS
## 42 U.S.C. § 1983 – GOVERNMENTAL LIABILITY
### (Against Defendant City of Tulsa)

25. Paragraphs One through Twenty-four are adopted herein and re-stated in their entirety.

26. Defendant City of Tulsa, upon review of the actions of the Defendants Williams and Perez found their actions to be within policy by failure to reprimand them in any way.

27. By omitting to reprimand Williams and Perez the City policy makers in effect considered their action to be "within policy". This finding by the policymakers of Defendant City of Tulsa, namely the Chief of Police and Deputy Chief, renders Defendants Williams' and Perez's decision to use excessive force a final decision chargeable to the Defendant City of Tulsa.

28. Defendant City of Tulsa is responsible for Defendants Williams' and Perez's excessive use of force upon Plaintiff through ratification of Defendants Williams' and Perez's actions.

## THIRD CAUSE OF ACTION – CIVIL RIGHTS
## 42 U.S.C. § 1983 – NEGLIGENT TRAINING, SUPERVISION AND DISCIPLINE
### (Against Defendant City of Tulsa)

29. Paragraphs One through Twenty-eight are adopted herein and re-stated in their entirety.

30. Defendant City of Tulsa is responsible for the supervision, training, and discipline of Tulsa Police Officer, including Defendants Williams and Perez.

31. Defendant City of Tulsa failed to adequately train, direct, supervise, and/or control the actions of Defendants Williams and Perez to prevent violations of Plaintiff's constitutional rights, and the rights of others similarly situated.

32. Defendant City of Tulsa was deliberately indifferent in its failure to train, supervise, and discipline Defendants Williams and Perez.

33. Plaintiffs' constitutional rights were violated as a direct and proximate result of Defendant City of Tulsa's deliberate indifference.

WHEREFORE, premises considered, Plaintiffs pray for judgment against Defendant City of Tulsa in an amount greater than $75,000.00 in damages, plus costs, including reasonable attorney fees, interest as provided by law, and for such other and further relief to which they may be entitled. Plaintiffs further pray for judgment against Defendant Williams in an amount greater than $75,000.00 in damages, punitive damages, costs, including reasonable attorney fees, interest as provided by law, and for such other and further relief to which they may be entitled. Plaintiffs further pray for judgment against Defendant Perez in an amount greater than $75,000.00 in damages, punitive damages, costs, including reasonable attorney fees, interest as provided by law, and for such other and further relief to which they may be entitled.

Respectfully submitted as of:
Friday, October 18, 2024

Patricia Anderson, Plaintiff

s/ Michael K. Manning
**Mike Manning, OBA# 30308**
mike@mikemanninglaw.com
918.856.5373 – Office
918.856.5375 – Fax

**Attorney for Patricia Anderson**

All US Mail and deliveries:

624 S. Denver Ave.
Suite 201
Tulsa, OK 74119